J. A. MARTINE V. SOUTH SAN ANTONIO INDEPENDENT SCHOOL DISTRICT.

Application No. 14243.   Decided November 18, 1925.

(277 S. W., 78).

**Public Schools—Use of School Building—Authority of Trustees—Jurisdiction.**

Dissenting from the ruling of the appellate court herein (275 S. W., 65) as to the lack of jurisdiction of the court to prevent by injunction an improper use of school property by authority of the trustees, writ of error is refused on the ground that the petition failed to show an abuse of their discretion in the control of the school house by the trustees. (P. 146.)

Application to the Supreme Court by Martine for writ of error to the Court of Civil Appeals for the Fourth District in an appeal from Bexar County.

The appeal was from an order granting a temporary injunction prohibiting the trustees of the school district from permitting the use of the school house by various organizations and for political, religious and social uses. The judgment was reversed and the case dismissed on the ground that petitioner could not invoke the jurisdiction of the court without first seeking remedy for the action of the trustees complained of by appeal to superior school authorities, and ultimately to the State Superintendent (275 S. W., 655), whereupon plaintiff applied for writ of error.

*Heilbron & Kilday* and *Harry L. Howard,* for plaintiff in error, on motion for rehearing, which was overruled.

We are sincerely of the opinion that this court is correct in

holding that the District Court has jurisdiction if an abuse of discretion is shown, but that can apply only in a case where the school trustees are vested with discretion to do or not to do the act complained of. In this case the law gives them no discretion, they must use the property for school purposes. · That being true, the District Court has jurisdiction.

PER CURIAM: While we do not doubt the jurisdiction of the District Court over a suit to prevent the improper use of school property, yet since the petition in this case failed to disclose an abuse of discretion on the part of the Trustees such as to give a cause of action to a private citizen, we refuse the application for the writ of error.